## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Henry Schein Dental,

        Plaintiff,

                              Civ. No. 13-375 (RHK/JJG)
                              **ORDER**

v.

Clinton Delander and Reuben W. Prodahl,

        Defendants.

      This matter is before the Court *sua sponte*.

      Plaintiff Henry Schein Dental ("HSD") commenced this action in the Hennepin County, Minnesota District Court, alleging that Defendants Clinton Delander and Reuben W. Prodahl breached certain contracts with HSD and misappropriated its trade secrets. On February 14, 2013, Prodahl removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

      Title 28 U.S.C. § 1441(a) provides that any civil action commenced in a state court may be removed to the United States District Court for the district "embracing the place where such action is pending," as long as the action is one over which the federal courts would enjoy original jurisdiction. Diversity of citizenship, of course, is one of the two primary ways in which federal courts are vested with original jurisdiction over civil actions. But 28 U.S.C. § 1441(b)(2) constrains a defendant's right to remove a diversity case: "A civil action otherwise removable solely on the basis of [diversity] jurisdiction

. . . may not be removed if any of the parties is a citizen of the State in which such action is brought." This is known as the "forum[-]defendant rule." Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005).

Here, the Complaint alleges that Prodahl is a Minnesota resident (Compl. ¶ 3), and he acknowledges in his Notice of Removal that "[a]t the time of the filing of this action, [he] was domiciled in Minnesota." (Notice of Removal at 2.) Citizenship turns on domicile, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990) ("For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous."), and is measured at the time an action is filed, id. Accordingly, Prodahl was a Minnesota citizen at the time this action was filed and, hence, has run afoul of the forum-defendant rule.

Prodahl likely was aware of this and has attempted to evade the rule's reach. He avers that at the time HSD filed this action, he "was scheduled to move to Arizona within the month." (Notice of Removal at 2.) In other words, he suggests that he is an Arizona citizen and not a Minnesota citizen for removal purposes.

The Court is unpersuaded. As noted above, citizenship hinges on domicile, and "[o]nce an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile." Yeldell, 913 F.2d at 537. A *pending* move to another state will not suffice: "[t]o establish domicile, an individual must *both be physically present in the state* and have the intent to make his home there indefinitely." Id. (emphasis added); see also, e.g., Valentin v. Hosp. Bella Vista, 254 F.3d 358, 367 (1st Cir. 2001) (plaintiff's professed intention "to move to Florida at some point in the not-

too-distant future" insufficient to change domicile); Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (plaintiff's domicile "would not have changed to Connecticut solely upon his formation of an unimplemented intent to move there; it would not have changed until he also was physically present in Connecticut").

This poses a significant problem.  While some courts have held that a violation of the forum-defendant rule is a procedural (non-jurisdictional) defect, see, e.g., Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 379 (7th Cir. 2000), the Eighth Circuit has repeatedly and expressly held to the contrary.  See, e.g., Horton, 431 F.3d at 605 ("[V]iolation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived.") (internal quotation marks and citation omitted); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705-06 (8th Cir. 2003); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992).  And under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a removed action, "the case *shall be remanded*." (emphasis added).  Because the Court concludes that Prodahl has violated the forum-defendant rule, it lacks subject-matter jurisdiction over this case, which must be remanded to state court.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that this action is **REMANDED** to the Hennepin County District Court.  The

---

[1] The Court notes that Prodahl could have – but did not – submit evidence of his (purported) Arizona domicile along with his Notice of Removal.  It was his burden to establish that removal was proper, e.g., In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1992), and "all doubts" must be resolved "in favor of remand," Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Clerk of the Court shall forthwith mail a certified copy of this Order to the Clerk of the Hennepin County District Court.

Dated: February 15, 2013                                s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge